**Melonie BRATCHER, Plaintiff,**

v.

**NAVIENT SOLUTIONS, INC., Defendant.**

**CASE NO. 3:16–cv–519–J–20JBT**

United States District Court,
M.D. Florida,
JACKSONVILLE DIVISION.

Signed 04/05/2017

Amanda J. Allen, Stefan Alvarez, William Peerce Howard, The Consumer Protection Firm, PLLC, Tampa, FL, for Plaintiff.

Abigail S. Pressler, Dayle Marie Van Hoose, Rachel A. Morris, Sessions, Fishman, Nathan & Israel, LLC, Tampa, FL, for Defendant.

## ORDER

JOEL B. TOOMEY, United States Magistrate Judge

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Documents From Plaintiff ("Motion") (Doc. 31) and Plaintiff's Response thereto (Doc. 35). For the reasons set forth herein, the Motion is due to be **DENIED.**[1]

### I. Relevant Background

In the Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by using an automatic telephone dialing system to call Plaintiff's cellular telephone over 100 times between 2015 and the present, without her

---

1. Although the Motion will be denied, expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) will not be awarded because Defendant's position was substantially justified.

express permission, and after she repeatedly requested that Defendant stop. (*See* Doc. 1.)

On February 15, 2017, Defendant served a Notice of Deposition Duces Tecum of Plaintiff ("Notice") and attached 41 requests for documents to be produced at or before the deposition scheduled to take place on March 17, 2017, the final day of discovery. (Doc. 31 at 2; Doc. 31–1.) At Plaintiff's request, the deposition was rescheduled for March 16, and Plaintiff served her objections to the requests prior to the deposition. (Doc. 31 at 2 n.1; Docs. 31–2, 31–3, 31–4.) Plaintiff's deposition took place as scheduled, and she did not produce any documents other than cell phone records. (Doc. 31 at 2–3.)

According to Defendant, Plaintiff testified at her deposition that she possessed additional responsive documents, and that she had a call-blocking application on her cell phone that logs blocked calls from Defendant.[2] (*Id.*) On the final day of discovery, Defendant filed the instant Motion seeking to compel Plaintiff to produce documents responsive to Request Nos. 1, 3–6, and 31, as well as her cell phone for inspection.[3] (*Id.* at 4–7.) On March 27, 2017, Plaintiff executed an errata sheet stating under oath that after a thorough search, she was unable to find any responsive documents. (Doc. 35–1.)

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in civil cases. In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

the case ...." Fed. R. Civ. P. 26(b)(1). The subject requests seek documents pertaining to the debt at issue in this case, correspondence between Plaintiff and Defendant and/or the original creditor, and any log or recorded summary of events related to this lawsuit. (Doc. 31 at 4; Doc. 31–1 at 3, 6.) They do not reference Plaintiff's cell phone or explicitly contemplate production of electronically stored information. (*Id.*)

Even assuming that the subject requests are not objectionable, Plaintiff has now amended her deposition testimony and stated under oath that, after searching, she does not have in her possession any documents responsive to any of the requests. (Doc. 35–1.) Thus, Plaintiff need not respond further to Request Nos. 1 or 3–6, which seek only documents.

Request No. 31 seeks "all calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit." (Doc. 31 at 4; Doc. 31–1 at 6.) Defendant argues that Plaintiff should produce her cell phone for inspection because information in the call-blocking application on the phone is responsive to this request. The Court will not order the cell phone produced for several reasons.

First, it is questionable whether the information sought is responsive to this request. For example, the request does not specifically reference Plaintiff's cell phone, call logs, or any other electronically stored information, and information in the subject application is not necessarily maintained by Plaintiff. Next, it is not apparent that the information is relevant. Defendant cites no authority in support of its conten-

---

**2.** Defendant has not provided the Court with any portion of the deposition transcript.

**3.** Because the Motion was filed on the final day of discovery, the parties were not able to

adequately confer as required by Local Rule 3.01(g). (Doc. 31 at 3.) Although the Motion could be denied for this reason alone, the Court will address the merits of the Motion.

tion that "plaintiff is not entitled to recovery for any blocked calls." (Doc. 31 at 7.) Although the Court is not deciding the issue, one district court in the Eleventh Circuit has stated: "[T]he prohibition in the TCPA applies to phone calls placed to cellular telephone numbers even if the intended recipient does not answer the calls. It is the mere act of placing the call that triggers the statute." *Fillichio v. M.R.S. Assocs., Inc.*, Case No. 09-61629-CIV, 2010 WL 4261442, at *3 (S.D. Fla. Oct. 19, 2010).

Additionally, even assuming the subject information is responsive and relevant, Defendant requests to inspect the cell phone itself, which appears to be a smart phone akin to a computer. "[T]here is no routine right of direct access to a party's electronic information system.... The Eleventh Circuit has held that absent a factual finding of some non-compliance with [the] discovery rules, direct access is unwarranted." *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, Case No. 8:09-cv-2465-T-33AEP, 2011 WL 13150168, at *2 (M.D. Fla. June 14, 2011) (citations and quotations omitted). Moreover, "inspection of an opponent's computer system is the exception, not the rule," and such a request "should include a proposal for the protection of privacy rights, protection of privileged information, and the need to separate out and ignore non-relevant information." Middle District Discovery (2015) at 26 VII. E. Defendant made no attempt to comply with these requirements, and direct access to Plaintiff's cell phone is not warranted.[4]

Accordingly, it is **ORDERED**:

The Motion (**Doc. 31**) is **DENIED**.

---

4. Notably, it appears that Defendant waited until the last 30 days of the eight-month discovery period to take any discovery. (Doc. 35 at 2.) Had Defendant acted sooner, it could

**DONE AND ORDERED** at Jacksonville, Florida, on April 5, 2017.

have learned of and requested the electronic information in an appropriate manner prior to the close of discovery.